UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALLEN BAKER,

        Plaintiff,        Case No. 1:13-cv-284

v.        Honorable Paul L. Maloney

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

        Defendants.
_____/

**CORRECTED ORDER FOR PARTIAL DISMISSAL
and PARTIAL SERVICE**

In accordance with the Opinion filed this date:

IT IS ORDERED that Plaintiff's action against Defendants Szappen, Mohrman, Bell, McCauley, Finan, Howard, Unknown Party #1, Burtch, Bishop, Malik, Filsinger, Vittitow, Marble, Masley, Tantchow, Robinson, Jados, Teed, McMillen, Petty, Ludwick, McIntyre, Tribley, Naples, Pomeroy, Hamel, Sorenson, Collins, Unknown Party #3, Unknown Party #4, Unknown Party #7, Nardi, Niemisto, Gilbert, Cavin, Haynie, Jelik, Belzner, Unknown Part(y)(ies) #8, Clark, Hunt, Chapman and Kearney will be DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2), on grounds of immunity and failure to state a claim.

IT IS FURTHER ORDERED that in accordance with Administrative Order No. 03-029, the Clerk shall return to Plaintiff with a copy of this order one copy of the complaint.[1]

---

[1] The Court does not order service of Plaintiff's extensive exhibits to the Complaint, which are substantially evidentiary documents. Defendants may access the exhibits through the Court's electronic case management system.

IT IS FURTHER ORDERED that immediately upon receipt of this order, Plaintiff shall make twenty-seven (27) copies of the complaint[2] for service upon the remaining named Defendants.[3]

IT IS FURTHER ORDERED that within fourteen (14) days of this order, Plaintiff shall file with the Court the requisite number of copies of the complaint and exhibits.

IT IS FURTHER ORDERED that Plaintiff's failure to submit the requested copies within the time provided by the Court or an affidavit explaining why Plaintiff is unable to provide the requested copies may result in the dismissal of his action without prejudice by the Court.

IT IS FURTHER ORDERED that upon receipt of the copies required by this order, the Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to the remaining named Defendants (Michigan Department of Corrections, Correctional Medical Services, Inc., Prison Health Services, Inc., Corizon Health, Inc., Bohjanen, Wellman, Holmes, Ninnis, Morris, Bailey, Loop, Harrison, Buda, Wilbanks, DeShambo, Ralles, Usitelo, Kallal, Rihtarshick, Carki, Axley, Kerrtu, Witburn, Dabb, Johnson, Millette, and Fluohog) in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

IT IS FURTHER ORDERED that Defendants shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or,

---

[2]The Court does not order service of the 200 pages of attachments to the complaint. Defendants are notified that the attachments are available through the Court's electronic case management system.

[3]At this juncture, the Court lacks sufficient information to order service on Defendant Unknown Parties ##2, 5, 6, and 9.

in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, no Defendant is required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After a Defendant has filed an appearance, proceedings in this case will be governed by the Court's Standard Case Management Order in a Prisoner Civil Rights Case.


Dated:   May 28, 2013                              /s/ Paul L. Maloney                   
                                                             Paul L. Maloney
                                                             Chief United States District Judge